```
              IN THE UNITED STATES DISTRICT COURT FOR
            THE DISTRICT OF MARYLAND, NORTHERN DIVISION
```

|  |  |
|---|---|
| COLOMBOBANK, F.S.B., | * |
| Appellant, | * |
| v. | * |
|  | *   CIVIL NO:  WDQ-02-4010 |
| CHARLES GOLDSTEIN, Trustee of the Estate of Maryland Property Associates, Inc., et al., | * |
|  | * |
| Appellee. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Pursuant to Bankruptcy Rule 8015, Charles Goldstein, the Chapter 7 Bankruptcy Trustee (the "Trustee") has timely filed a motion for rehearing ColomboBank's bankruptcy appeal, which this Court decided by Memorandum Opinion (the "Opinion") and Order dated July 16, 2003.  The Trustee urges the Court to correct an error of fact in its Opinion and the legal conclusion that flowed therefrom.  The issues have been fully briefed, and oral argument is unnecessary.  Bankr. Rule 8012.

In its Opinion, the Court assumed that the defrauded partnerships were the only creditors of the debtor, Maryland Property Associates ("MPA").  Op. at 12-13.  Based on this

assumption, the Court concluded that the Trustee could not avoid four transfers by MPA to ColomboBank that ultimately restored to those partnerships money that MPA's principal, Monte D. Greenbaum ("Mr. Greenbaum"), had stolen from them through his "share-loan" scheme.  *Id.* (noting that transfers "may not be challenged as fraudulent unless [they] prejudice[] the complaining creditors," and that avoidance of the transfers at issue "would result in a windfall double recovery by the partnerships").

The record demonstrates, however, that the defrauded partnerships are *not* the only creditors of MPA.  Trial Tr. at 61-64.  The total amount of claims made against the bankruptcy estate is approximately $1.7 million, of which the partnerships' claims total between $1.2 and $1.3 million.  *Id.*  The Trustee, of course, stands in the shoes of *all* of MPA's creditors, not just the defrauded partnerships.  11 U.S.C. § 323.  Thus, even if those partnerships suffered no harm because of the "share-loan" transfers, MPA's other creditors did.  Moreover, the money that funded the four "share-loan" transfers belonged to MPA — not to Mr. Greenbaum, and not to the partnerships.  Bankr. Op. at 6, 10; Op. at 4.

Accordingly, the Trustee may avoid and recover from ColomboBank all the transfers by MPA related to the "share-loan" scheme, to wit:  (1) check no. 1116, dated September 17, 1996, in the amount of $24,406.41; (2) check no. 1315, dated May 17, 1997,

in the amount of $9,076.01; (3) check no. 1359, dated July 14, 1997, in the amount of $238,751.61; and (4) check no. 1374, dated August 12, 1997, in the amount of $3,946.15.  Op. at 11 & n.1.

## CONCLUSION

For the foregoing reasons, it is, this 29th day of August 2003, hereby ORDERED:

1.   That the Trustee's motion for rehearing BE, and it hereby IS, GRANTED;

2.   That this Court's Memorandum Opinion and Order dated July 16, 2003, BE, and it hereby IS, VACATED <u>as it pertains to the "share-loan" payments</u> via check nos. 1116, 1315, 1359, and 1374;

3.   That the judgment from which this appeal is taken BE, and it hereby IS, AFFIRMED in the amount of $276,180.18;

4.   That the case BE REMANDED to the Bankruptcy Court for further proceedings otherwise consistent with this Court's Memorandum Opinion and Order dated July 16, 2003; and

5.   That the Clerk of the Court transmit copies of this Memorandum Opinion and Order to counsel for the parties and to

Chief Bankruptcy Judge Schneider.

                                                  /s/
                                   William D. Quarles, Jr.
                                   United States District Judge