UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| COLOMBOBANK, F.S.B., : <br> : <br> Appellant, : <br> : <br> vs. : <br> : <br> CHARLES R. GOLDSTEIN, Trustee of : <br> the Estate of Maryland Property : <br> Associates, Inc., et al., : <br> : <br> Appellee. : <br> : | Civil No. WDQ-02-4010 |

**APPELLANT'S STATEMENT OF ISSUES
TO BE PRESENTED ON APPEAL**

ColomboBank, F.S.B. (the "Bank"), the appellant, pursuant to Fed. R. App. P. 6 (b)(2)(B), states that the following issues may be raised in the appeal of this matter from the United States District Court for the District of Maryland (the "Court") to the United States Court of Appeals for the Fourth Circuit:

**ISSUES PRESENTED**

1.  The Court properly ruled that a party who has received a fraudulent conveyance – but who subsequently returns the property, or equivalent value – is ordinarily entitled to a corresponding credit. The Court departed from this rule in the case below, however, because in this instance the Court found that the Bank returned the money directly to the creditors from whom the debtor had originally obtained the money – rather than to the debtor. The Court believed that this finding changes the result if, as here, the debtor has other creditors who do not share in the returned funds. Is the Court's conclusion that the Bank can be subjected to a double recovery in this situation correct?

       2.       The Court's assumption that the Bank returned the money to the source creditors was in fact wrong.  The record clearly shows that the money was instead returned directly to the debtor.  Accepting the Court's own rationale, doesn't this require that the Bank receive credit for the returned funds?

       3.       Even if the Court's reasoning is correct, shouldn't the Bank at least get a partial credit for the share of the double recovery to which the creditors that it paid would have been entitled?

       4.       The Court affirmed the Bankruptcy Court's finding that the Bank knew, or should have known, of the fraud of MPA's principal, and that his actual fraudulent intent was thereby imputed to the Bank under the Maryland Uniform Fraudulent Conveyance Act.  Was this finding erroneous?

       5.       The Court correctly ruled that the Bankruptcy Court made no findings to support its apparent ruling that the payments on the unrelated condominium and second trust loans were actually fraudulent.  But it remanded the case for findings on this issue.  Shouldn't it instead have rendered judgment in favor of the Bank, since there is no evidence upon which to base a finding that there was anything fraudulent about these loans?

       6.       Did the Court err in failing to overturn the Bankruptcy Court's evidentiary rulings contested by the Bank on appeal?

       7.       The Bankruptcy Court allowed the appellee to amend his complaint on the morning of trial and sue the Bank for additional transfers that he had declined to include in his original complaint.  Did the Court err in failing to overturn this ruling?

Date:  September 25, 2003.

Respectfully submitted,
DECKELBAUM OGENS & RAFTERY, CHTD.


By: <u>/s/ Stephen Nichols</u>
     Nelson Deckelbaum
     Md. Fed. Bar No. 01249
     Stephen Nichols
     Md. Fed. Bar No. 08194
     3 Bethesda Metro Center
     Suite 200
     Bethesda, MD  20814
     (301) 961-9200

Attorneys for Colombo Bank, F.S.B.