**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | | |
|---|---|---|
| **COLOMBO BANK, F.S.B.,** | : | |
| | : | |
| **Appellant,** | : | |
| **vs.** | : | **Civil No. WDQ-02-4010** |
| | : | |
| **CHARLES B. GOLDSTEIN,** | : | |
| **Chapter 7 Trustee of the Estate of** | : | |
| **Maryland Property Associates, Inc., et al.** | : | |
| | : | |
| **Appellee.** | : | |
| | : | |
| _____ | : | |

**MEMORANDUM IN SUPPORT OF MOTION TO WAIVE**
**SUPERSEDEAS AND STAY EXECUTION PENDING APPEAL**

The defendant Colombo Bank, F.S.B. (hereafter "Colombo Bank") has moved the court pursuant to Fed. R. Civ. P. Rule 62(d) to waive the giving of supersedeas and to stay execution pending appeal in this matter. This memorandum is submitted in support of that motion.

Procedural History

On March 17, 1998, an involuntary bankruptcy petition was filed against Maryland Property Associates, Inc. On March 24, 1998, an order for relief under Chapter 7 was entered with the debtor's consent. The plaintiff Charles R. Goldstein (hereafter "the Trustee") was appointed Chapter 7 trustee on March 25, 1998. On April 24, 1998, the Trustee filed involuntary proceedings against Maryland Property Management, Inc., Maryland Property Group, Inc., Maryland Group Management, Inc., Maryland Property Systems, Inc. and Maryland Property Services, Inc. On the same day, each entity consented to the entry of orders for relief under Chapter 7, which were entered by the

Court on May 1, 1998.  On March 17, 2000, the Trustee commenced an adversary proceeding against Colombo Bank seeking to recover alleged preferential transfers and fraudulent conveyances.  By order entered October 16, 2002, the Trustee obtained judgment in the adversary proceeding in the approximate amount of $444,000, plus interest.  Colombo Bank filed a notice of appeal to this Court.  By order dated October 28, 2002, the bankruptcy court entered an order staying execution and waiving the requirement of a supersedeas bond while the appeal was pending in this Court.  A copy of the bankruptcy court's order is attached as Exhibit 1.

By order entered July 17, 2003, this Court reversed certain portions of the October 16, 2002 judgment and remanded certain other portions for further proceedings.  Upon a motion for rehearing by the Trustee, this Court changed its ruling and by order dated August 29, 2003 affirmed a portion of the October 16, 2002 order that it had previously reversed, rendering judgment against Colombo Bank in the amount of approximately $238,000.  Colombo Bank has appealed this Court's ruling to the United States Court of Appeals for the Fourth Circuit.

<u>Argument</u>

Pursuant to Rule 62(d), the court has the inherent discretionary power to stay a judgment pending appeal without requiring a supersedeas securing the full amount of the judgment.  *See, Alexander v. Chesapeake, Potomac and Tidewater Books, Inc.*, 190 F.R.D. 190, 192 (E.D. Va. 1999), *aff'd without opinion,* 243 F. 3d 535 (4th Cir. 2001).[1]

---

[1] / This issue has not been squarely addressed by the Fourth Circuit, although Judge Ellis' opinion in *Alexander* was affirmed without opinion by that Court.  The only other Fourth Circuit district court opinion also finds that the court has the discretion to waive the requirement of a supersedeas. *See, Holland v. Law,* 35 F. Supp. 2d 505, 506 (S.D. W.Va. 1999).

The court should exercise this discretion and issue a stay pending appeal when doing so will preserve the status quo while protecting the non-appealing party's rights pending appeal. *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F. 2d 1189, 1190-91 (5th Cir. 1979). A bond may not be necessary when the judgment debtor can easily satisfy the judgment and demonstrates that it will maintain the same level of solvency during appeal. *See, Alexander,* 190 F.R.D. at 193. A bond is inappropriate where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste. *Olympia Equipment Leasing Co. v. Western Union Telegraph Co.*, 786 F.2d 794, 796 (7th Cir. 1986). In applying this rule, courts have found that when the net worth of the judgment debtor vastly exceeds the amount of the damages award, no supersedeas bond should be imposed. *See, Federal Prescription Service, Inc., v. American Pharm. Ass'n,* 636 F.2d 755, 760-61 (D.C. Cir. 1980).

Based on the foregoing authority, the Court should waive the giving of a supersedeas and grant a stay of execution of the August 29, 2003 judgment. As set forth in the affidavit of R. Hugh Rial, Jr., Colombo Bank, a federally insured savings bank, has assets in excess of $90,000,000, including in excess of $14,000,000 in cash on hand and on deposit in the Federal Home Loan Bank system. Rial Declaration, Para. 3, Exhibit 2. Mr. Rial, as the bank's president, has confirmed the bank's intention to maintain this level of assets during the pendency of this appeal. Rial Declaration, Para. 4 and 5. The portion of the bankruptcy court's judgment affirmed by this court, in the approximate amount of $238,000, even including interest, is less than two percent (2%) of the Bank's cash on hand and on deposit in the Federal Home Loan Bank system. There is no question that the Bank is more than able to satisfy the judgment should its appeal not

prove successful.  Requiring a supersedeas is simply unnecessary and would be wasteful in this case.

Conclusion

WHEREFORE, in consideration of the foregoing, the defendant Colombo Bank respectfully requests that the Court enter an order waiving the giving of a supersedeas, staying execution pending the appeal in this matter and granting such further relief as the court deems just and proper.

Date:  September 26, 2003.


Respectfully submitted,

DECKELBAUM, OGENS & RAFTERY, CHTD.


By: /s/ Stephen Nichols
    Nelson Deckelbaum, Esq.,
    Md. Federal Bar No. 01249
    Stephen Nichols, Esq.
    Md. Federal Bar No. 08194
    3 Bethesda Metro Center – Suite 200
    Bethesda, Maryland 20814
    (301) 961-9200

 Attorneys for Colombo Bank, F.S.B.