IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| COLOMBOBANK, FSB, | * | |
| Appellant, | * | |
| v. | * | Civil No. WDQ-02-4010 |
| CHARLES R. GOLDSTEIN, Trustee of the Estate of Maryland Property Associates, Inc., et al., | * * | |
| Appellee. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN OPPOSITION TO MOTION TO WAIVE
SUPERSEDEAS AND STAY EXECUTION PENDING APPEAL**

Charles R. Goldstein, Trustee (the "Trustee"), by and through his undersigned counsel, respectfully files this Memorandum in Opposition to the Motion filed by ColomboBank, FSB to Waive Supersedeas and Stay Execution Pending Appeal (the "Motion") and, in support thereof, states the following:

**PROCEDURAL HISTORY**

On March 17, 2000, the Trustee filed an adversary proceeding complaint against ColomboBank seeking the avoidance and recovery of twenty-four alleged preferential or fraudulent transfers (the "Complaint"). The Bankruptcy Court held a three day trial on the Trustee's Complaint during May 14-16, 2001. On October 16, 2002, the Bankruptcy Court entered

its Memorandum and Order awarding judgment in favor of the Trustee and against ColomboBank in the amount of $444,523.89.

ColomboBank subsequently noted an appeal to the United States District Court for the District of Maryland. On July 16, 2003, this Court affirmed in part, remanded in part and reversed in part the Bankruptcy Court's judgment in favor of the Trustee. On July 28, 2003, the Trustee filed a Motion for Rehearing regarding only the four transfers that were the subject of the reversed portion of the Bankruptcy Court judgment. These four transfers were made by the Debtor, Maryland Property Associates, to ColomboBank as part of a fraudulent "share loan" scheme, and aggregated $276,180.18. Importantly, in its July 28, 2003 opinion, this Court affirmed the Bankruptcy Court's finding that ColomboBank had participated in the fraudulent intent of the share loan scheme. On August 29, 2003, this Court granted the Trustee's Motion for Rehearing and affirmed the Bankruptcy Court's Judgment, concluding that the four share loan transfers in the amount of $276,180.18 were fraudulent and recoverable from ColomboBank, which participated in the fraud.

On September 15, 2003, ColomboBank noted its appeal from this Court's decision to the United States Court of Appeals for the Fourth Circuit. In conjunction with that appeal, ColomboBank filed its Motion, asking this Court to prohibit the Trustee from exercising his rights as a judgment creditor pending the appeal, while also seeking a waiver of the requirement

to post a supersedeas bond or take some other action to protect the Trustee's rights.

## ARGUMENT

More than ten days have elapsed since this Court entered its order affirming the judgment as to the share loan transfers. The Trustee is entitled to enforce immediately the judgment against ColomboBank and collect $276,180.18.[1]  Fed. R. Civ. P. 62(d) states that:

> [w]hen an appeal is taken ***the appellant by giving a supersedeas bond may obtain a stay***. . . .  The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

(Emphasis added.)  Posting a supersedeas bond serves the dual purpose of (a) ensuring that the judgment creditor's right to payment are not impaired by the appeal and (b) protecting the judgment debtor's right to recoup its money if it succeeds on appeal and the judgment is reversed.  Knibb, David G., *Federal Court of Appeals Manual*, 3d ed., § 20.1 (1997).  ColomboBank is requesting that the Court both stay execution of the judgment *and* waive the requirement of posting a bond to secure the judgment.

In making its request, ColomboBank relies upon *Alexander v. Chesapeake, Potomac and Tidewater Books*, 190 F.R.D. 190 (E.D. Va. 1999),

---

[1] ColomboBank erroneously refers to the District Court's affirmation of judgment as being in the amount of "approximately $238,000." Memorandum in Support of Motion, third unnumbered page.  The correct figure is $276,180.18.  Order of the District Court dated August 29, 2003, p. 3.

*aff'd without opinion*, 243 F.3d 535 (4th Cir. 2001).  A fair reading and application of *Alexander*, however, should lead this Court to deny ColomboBank's Motion.  *Alexander* stands primarily for the proposition that, in determining whether to issue a stay pending appeal on the basis of less than a full bond, a district court should act to preserve the status quo while protecting the non-appealing party's rights pending appeal.   Consistent with that proposition, *Alexander* states that "[i]n the typical case, of course, ***this principle is best served by requiring a full supersedeas bond as a condition to the issuance of a stay of judgment pending appeal***." *190 F.R.D.*, at 193 (emphasis added).

      Waiving the requirement of posting a supersedeas bond will not preserve the status quo in this case.  The Trustee is entitled to collect immediately the $276,180.18 related to the share loans that are the subject of the affirmed judgment of the Bankruptcy Court.  Fed. R. Civ. P. 62.  Should the Court exercise its discretion to waive the requirement of posting a bond, it would put the Trustee in a less advantageous position while the appeal is pending before the Court of Appeals for the Fourth Circuit.[2]  If the Court is inclined to grant ColomboBank's Motion and stay execution, it should also

---

[2] The Order entered on October 28, 2002 by Judge Schneider waiving the requirement to post a bond was entered without opposition by the Trustee. Importantly, the October 28, 2002 Order only covered "the pendency of the appeal," referring only to the appeal in the District Court. Therefore, execution of the judgment is not presently stayed. Preserving the status quo would not be achieved by granting the latest Motion by ColomboBank.

require the bank to post a bond as contemplated by the plain language of Fed. R. Civ. P. 62(d).

The court in *Alexander* recognized that there are two "polar circumstances" where a full bond may not be necessary: (i) where a defendant cannot afford to post a bond, or (ii) where a judgment debtor can easily meet the judgment and demonstrates that it will maintain the same level of solvency during appeal. *Alexander*, at p. 193. Even in the latter situation, where the judgment debtor can easily meet the judgment, *Alexander* holds that "the court may substitute some form of guaranty of judgment responsibility for the usual supersedeas bond." 190 F.R.D., at 193 (internal quotation marks omitted). ColomboBank has neither offered any explanation of why it cannot post the customary bond, nor proposed an alternative form of guaranty as contemplated by the case law upon which its Motion is based. Accordingly, the Motion should be denied.

Moreover, ColomboBank has not sufficiently demonstrated that it will maintain the same level of solvency during appeal. ColomboBank has provided an affidavit of its President and attached a financial statement in an effort to meet this test. The only attestation made by the affiant regarding "maintaining the same level of solvency pending appeal" is remarkably stark. The affidavit says:

> It is my expectation that the Bank's financial condition will remain substantially similar to the condition reflected in [the attached financial

>   statement] during the pendency of the appeal in this matter.

Declaration of R. Rial, Jr. at ¶5.  It is plain from the face of the affidavit that the affiant has not included in his declaration that he considered any factors that may affect ColomboBank's solvency, including the length of the appeal, market forces and the economy, or that the bank has set aside funds to satisfy the Trustee's judgment.  The Trustee is left to bear the risk of whether Mr. Rial's expectation is prescient, and that the bank will remain solvent and possess the ability to satisfy the judgment at some undetermined time in the future.  This will not serve the purpose of Rule 62(d), which is designed to preserve the status quo and protect the judgment creditor.

Furthermore, the Memorandum in Support of the Motion paints too rosy a picture and represents that ColomboBank has assets in excess of $90 million, suggesting that ColomboBank can use these assets to satisfy the Trustee's judgment.  Memorandum in Support of Motion, third unnumbered page.  In fact, a fair look at the bank's financial statement reveals that ColomboBank also has liabilities in excess of $82 million.  Financial Statement attached to the Affidavit of R. Rial, Jr.  Further, most of the bank's assets are comprised of loans receivable and therefore presumably collectable over time and not immediately available to satisfy a judgment.  ColomboBank only has cash, some of which is due from other banks and not on hand, of $1.8 million.  This is not a satisfactory margin for error to excuse ColomboBank, already found liable for its role in a fraud scheme, from

posting the supersedeas bond required by Rule 62(d).  Therefore, the Motion should be denied.

## CONCLUSION

In its Motion, ColomboBank is asking this Court to place the risk of collection of a judgment upon the Trustee.  This is unfair, given that the Trustee has already obtained a fraudulent conveyance judgment against ColomboBank in the Bankruptcy Court, and further considering that the relevant part of the judgment has been affirmed by the District Court.  Requiring the Trustee to extend credit to a bank that has already been found liable to the Trustee for having received fraudulent transfers, when the bank has the ability to secure the judgment, is not consistent with Fed. R. Civ. P. 62(d) or the case law interpreting it, and the Motion should be denied.

Dated: October 14, 2003.

/s/ Charles M. Campisi
John A. Roberts
Federal Bar No. 4969
Charles M. Campisi
Federal Bar No. 24119
Venable, Baetjer and Howard, LLP
1800 Mercantile Bank and Trust Bldg.
Two Hopkins Plaza
Baltimore, Maryland  21201
(410) 244-7400

Counsel for Charles R. Goldstein, Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of October, 2003, a copy of the Memorandum in Opposition to the Motion to Waive Supersedeas and Stay Execution Pending Appeal was served via electronic mail and the ECF system on Nelson Deckelbaum, Esquire and Stephen Nichols, Esquire, Deckelbaum, Ogens & Raftery, 3 Bethesda Metro Center, Suite 200, Bethesda, Maryland 20814.

/s/ Charles M. Campisi
Charles M. Campisi

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## (Northern Division)

| | | |
|---|---|---|
| COLOMBOBANK, FSB, | * | |
| Appellant, | * | |
| v. | * | Civil No. WDQ-02-4010 |
| CHARLES R. GOLDSTEIN, Trustee of the Estate of Maryland Property Associates, Inc., et al., | * * | |
| Appellee. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### ORDER DENYING MOTION TO WAIVE
### SUPERSEDEAS AND STAY EXECUTION PENDING APPEAL

Upon consideration of the Motion to Waive Supersedeas and Stay Execution Pending Appeal (the "Motion") filed by ColomboBank, FSB ("ColomboBank"), and the Memorandum in Opposition thereto filed by Charles R. Goldstein, Trustee (the "Trustee"), this Court finding that to preserve the status quo, ColomboBank must post a bond in the amount of $276,180.18, it is this _____ day of _____, 2003, by the United States District Court for the District of Maryland,

ORDERED, that the Motion is DENIED; and it is further,

ORDERED, that the Trustee's right to execute on his judgment is not stayed unless ColomboBank shall post a bond in favor of the Trustee in the

amount of $276,180.18 within ten days of the entry of this Order, or give some other security acceptable to the Trustee in the Trustee's sole discretion.

 _____
 WILLIAM D. QUARLES, JR.
 United States District Judge

cc:   John A. Roberts, Esquire
 Charles M. Campisi, Esquire
 Venable LLP
 2 Hopkins Plaza, Suite 1800
 Baltimore, Maryland  21201

 Nelson Deckelbaum, Esquire
 Stephen Nichols, Esquire
 Deckelbaum, Ogens & Raftery
 3 Bethesda Metro Center, Suite 200
 Bethesda, Maryland 20814