IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|   |   |
|---|---|
| COLOMBO BANK, F.S.B., | \* |
| Appellant, | \* |
| v. | \* |
|   | \*  CIVIL NO: WDQ-02-4010 |
| CHARLES GOLDSTEIN, Trustee of the Estate of Maryland Property Associates, Inc., et al., | \* |
| Appellee. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION AND ORDER

On August 29, 2003, the Court entered judgment against the Appellant, Colombo Bank, F.S.B. ("Colombo Bank"), in the amount of $276,180.18. Colombo Bank filed an appeal with the Fourth Circuit Court of Appeals on September 15, 2003.

The issue before the Court is whether Colombo Bank, a judgment debtor, may obtain a stay of the judgment pending appeal without posting a supersedeas bond.

ANALYSIS

Federal Rule of Civil Procedure 62(d) provides that "[w]hen an appeal is taken[,] the appellant[,] by giving a supersedeas bond[,] may obtain a stay." The Rule makes clear that a judgment debtor is entitled to a stay if the debtor provides a supersedeas bond. *Alexander v. Chesapeake, Potomac, and Tidewater Books, Inc.*, 190 F.R.D. 190, 192 (E.D. Va. 1999) *aff'd without opinion*

1

243 F.3d 535 (4th Cir. 2001). Rule 62(d) does not state whether the required bond must fully secure the judgment. *Id.*

When considering a motion under Rule 62(d), the Court should be mindful of the rationale of the underlying rule. *Hamlin v. Charter Township of Flint*, 181 F.R.D. 348, 351 (E.D. Mich. 1998). The Rule seeks to balance the parties' interests by preserving the status quo while also protecting the appellee's rights. *Id.* (*citing Poplar Grove Planting and Refining Co., Inc. V. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190 (5th Cir. 1979)). By posting bond, a judgment debtor is protected from the risk of satisfying the judgment "only to find that restitution is impossible after reversal on appeal." *Poplar Grove*, 600 F.2d at 1191. Concurrently, because Rule 62(d) deprives the appellee of his right to enforce a valid judgment immediately, the appellant must post bond to ensure compensation to the appellee. *Hamlin*, 181 F.R.D. at 351. Usually a full supersedeas bond is required. *Id.*; *Alexander*, 190 F.R.D. at 193; *Holland v. Law*, 35 F. Supp. 2d 505, 506 (S.D.W.V. 1999).

Several Circuits have concluded that the court may use its discretion to reduce the supersedeas bond requirement of Rule 62(d). *Id.* (*citing Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1559-60 (10th Cir. 1996); *Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 796-97 (9th Cir. 1989); *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988); *Texaco, Inc. v. Pennzoil Co.*,

784 F.2d 1133, 1154 (2d Cir. 1986), rev'd on other grounds, 481 U.S. 1, 95 (1987); *Federal Prescription Serv., Inc. v. American Pharm. Assoc.*, 636 F.2d 755, 758 (D.C. Cir. 1980); *Poplar Grove*, 600 F.2d at 1191).  If the court requires less than a full supersedeas bond, however, the burden is on the moving party to demonstrate objectively why the departure is appropriate.  *Hamlin*, 181 F.R.D. at 353.  The opposing party is under no obligation to introduce evidence to the contrary.  *Id.*

Full bond may not be necessary when the judgment debtor objectively demonstrates a present financial ability to pay the money judgment and presents a financially secure plan for maintaining that solvency during the appeal.  *Poplar Grove*, 600 F.2d at 1191; *Hamlin*, 181 F.R.D. at 353; *Holland*, 35 F. Supp. 2d at 506; *Sibia Neurosciences, Inc. v. Cadus Pharm. Corp.*, 1999 WL 33554683 (S.D. Cal. 1999); *Advanced Estimating System, Inc. v. Riney*, 171 F.R.D. 327, 328 (S.D. Fla. 1997).

Colombo Bank argues that because it is a federally insured savings bank with assets in excess of $90,000,000, and because the bank president confirmed the bank's intention to maintain that level of assets throughout the appeal, a stay should be granted without the provision of a supersedeas bond.  Appellant's Mem. in Supp. of Mot. to Waive Supersedeas & Stay Execution Pending Appeal 3.  In support of its argument, Colombo Bank

submitted its Statement of Condition.[1]  The Statement of Condition shows that Colombo Bank holds assets in excess of $90,000,000.  Appellant's Ex. 1 (Statement of Condition).  In addition, Colombo Bank offered its president's declaration that the Statement of Condition is accurate and his expectation the bank will remain in a substantially similar financial condition.  Rial Aff. ¶ 4-5.

Although Colombo Bank provided adequate evidence to show its current financial ability to pay the judgment, the evidence submitted was insufficient to prove that it has a financially secure plan for maintaining its solvency throughout the appeal.  *See Chaney v. New Orleans Pub. Facility Mgmt., Inc.*, 1998 WL 43140, *2 (declining to award stay without supersedeas bond when the appellant showed current solvency but presented no financially secure plan for maintaining solvency); *Poplar Grove*, 600 F.2d at 1191 (same); *Sealover v. Canada*, 806 F. Supp. 59, 62-63 (M.D. Penn. 1992) (same).

## CONCLUSION

Rule 62(d) entitles the Appellant to a stay of judgment pending appeal provided that a supersedeas bond is posted.  Accordingly, the Appellant's request for a stay of judgment while its appeal is pending will be granted upon its posting of a

---

[1] The Statement of Condition is prepared regularly by the bank to demonstrate its financial condition.

supersedeas bond.

| | |
|---|---|
|  November 3, 2003  |            /s/           |
| Date | William D. Quarles, Jr. |
| | United States District Judge |