**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | | |
|---|---|---|
| **COLOMBO BANK, F.S.B.,** | : | |
| | : | |
| **Appellant,** | : | |
| **vs.** | : | **Civil No. WDQ-02-4010** |
| | : | |
| **CHARLES B. GOLDSTEIN,** | : | |
| **Chapter 7 Trustee of the Estate of** | : | |
| **Maryland Property Associates, Inc., et al.** | : | |
| | : | |
| **Appellee.** | : | |
| | : | |
| _____ | : | |

**EMERGENCY MOTION FOR RECONSIDERATION**
**OF 11/03/03 ORDER DENYING IN PART APPELLANT'S**
**MOTION TO WAIVE SUPERSEDEAS BOND**

The defendant Colombo Bank, F.S.B. (hereafter "Colombo Bank") respectfully asks this Court to reconsider its November 3, 2003 order ("Order") denying in part the motion ("Stay Motion") filed by Colombo Bank seeking the waiver of a requirement to post a supersedeas bond and to stay execution pending appeal in this matter for the following reasons:

1.      The plaintiff Charles R. Goldstein, Chapter 7 Trustee in the above captioned proceedings (hereafter "the Trustee"), commenced an adversary proceeding against Colombo Bank in the United States Bankruptcy Court for the District of Maryland, Baltimore Division, seeking to recover alleged preferential transfers and fraudulent conveyances.

2.      By order entered October 16, 2002, the Trustee obtained judgment in the adversary proceeding in the Bankruptcy Court in the amount of $444,523.89, plus interest.

3.      Colombo Bank filed a notice of appeal to this Court and briefing of the appeal ensued.

4.      By order dated October 28, 2002, the Bankruptcy Court stayed execution of the October 16, 2002 judgment and waived the requirement of a supersedeas bond while the appeal was pending in this Court.

5.      By order dated July 17, 2003, this Court reversed certain portions of the October 16, 2002 judgment and remanded certain other portions for further proceedings. Upon a motion for rehearing by the Trustee, this Court changed its ruling and by order dated August 29, 2003 affirmed a portion of the October 16, 2002 order that it had previously reversed, affirming the Bankruptcy Court's judgment against Colombo Bank in the approximate amount of $238,000.

6.      Colombo Bank has appealed this Court's ruling to the United States Court of Appeals for the Fourth Circuit.

7.      Colombo Bank subsequently filed its Stay Motion, requesting that the Court waive the giving of supersedeas and stay execution of the August 29, 2003 order pending the appeal in this matter.  On November 3, 2003, this Court entered its Order denying the Stay Motion to the extent that it sought the waiver of the posting of a supersedeas bond.  In so ruling, the Court determined that Colombo Bank had "provided adequate evidence to show its current financial ability to pay the judgment…" Memorandum Opinion, at p. 4.  The Court nevertheless denied the Stay Motion because Colombo Bank had not also proved it had "a financially secure plan for maintaining its solvency throughout the appeal."  Memorandum Opinion, at p. 4.

8.     Given that the issue of Colombo Bank's future solvency appears to have been the Court's sole reason for not granting the Stay Motion in its entirety, Colombo Bank proposes the following plan to ensure that Appellee is protected during the pendency of the appeal:  Colombo Bank proposes to transmit, no later than the 30th day of each month (or next business day, if the 30th day occurs on a weekend or federal holiday) a copy of its Statement of Condition for the previous calendar month, in the form attached as an exhibit to the Stay Motion ("Monthly Report"), to Trustee's counsel. Colombo Bank further proposes that, if its Total Stockholder's Equity ever falls below 10% of its level as of August 31, 2003, Colombo Bank will consent to the entry of an order requiring it to post a supersedeas bond in the amount of $500,000.00 (or deposit an equivalent sum into the Court's registry) no later than 10 days after the entry of the consent order, in the absence of which the Trustee would be permitted to pursue any collection remedies to which he is otherwise entitled.

9.     Colombo Bank also notes for the record that it is a long-established banking institution with offices in Baltimore, MD, Bethesda, MD and Rockville, MD.  It has been in existence for over 90 years without ever having become insolvent. Its operations are profitable.  The Trustee suffered no harm as a result of the Bankruptcy Court's previous stay of the original judgment in this matter.   Together, these facts constitute further evidence that the Trustee will be protected in the future if no bonding requirement is imposed.

10.     Colombo Bank also notes for the record that this Court's August 29, 2003 order did not finally dispose of all claims in this matter, but instead remanded certain claims to the Bankruptcy Court for further fact findings.  Given this, the August 29, 2003

order does not appear to be final and enforceable at this time in any event, because it does

not dispose of all issues.  *See*, Fed. R. Civ. P. 54 (b).  If and to the extent that the Order

grants the Trustee permission to enforce the judgment in the absence of the posting of a

supersedeas bond notwithstanding the absence of a final order disposing of all claims,

Colombo Bank respectfully asks the Court to reconsider the Order on that basis also.

11.    Undersigned counsel has spoken to the Trustee's counsel regarding the

relief requested herein, but was unable to obtain to resolve this matter consensually

WHEREFORE, Colombo Bank, F.S.B. respectfully requests that the Court enter

an order vacating its November 3, 2003 Order, and staying execution pending appeal in

accordance with the procedure proposed above.

Date:  November 10, 2003.

Respectfully submitted,

DECKELBAUM, OGENS & RAFTERY, CHTD.


By: /s/ Stephen Nichols
     Nelson Deckelbaum, Esq.,
     Md. Federal Bar No. 01249
     Stephen Nichols, Esq.
     Md. Federal Bar No. 08194
     3 Bethesda Metro Center – Suite 200
     Bethesda, Maryland 20814
     (301) 961-9200
      Attorneys for Colombo Bank, F.S.B.

**<u>Certificate of Service</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing Emergency Motion for Reconsideration of 11/03/03 Order Denying in Part Appellant's Motion to Waive Supersedeas Bond, was served by facsimile and by first-class mail, postage pre-paid this 10th day of November, 2003 to :

John Roberts, Esquire
Charles Campisi, Esquire
VENABLE, LLP
1800 Mercantile Bank & Trust Building
2 Hopkins Plaza
Baltimore, Maryland 21201


<u>/s/ Stephen Nichols</u>
Stephen Nichols